UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Maketa Jolly,

    Plaintiff,

v.                                          Case No. 22-10534

Matthew Sniscak, et al.,           Sean F. Cox

                                                    United States District Court Judge

    Defendants.
_____/

**ORDER DISMISSING ACTION FOR FAILURE TO PAY FILING FEE**

On March 14, 2022, Plaintiff, proceeding *pro se*, initiated this action. (ECF No. 1). On March 23, 2022, Plaintiff applied to proceed *in forma pauperis* ("IFP"). (ECF No. 5). On April 7, 2022, the Court denied Plaintiff's application to proceed IFP and ordered "Plaintiff to pay the full filing fee by May 5, 2022." (ECF No. 6, at PageID 102). The Court warned Plaintiff that "[f]ailure to pay the filing fee may result in this case being DISMISSED." (ECF No. 6, at PageID 102).

On April 28, 2022, Plaintiff filed a "Motion to Transfer from State to Federal Court 'Federal Question Jurisdiction' ". (ECF No. 7). However, this motion does not address the filing fee. As of May 11, 2022 (six days after the filing fee was due), Plaintiff has not paid any part of the filing fee.

Federal law provides that the "clerk of each district court shall require parties instituting any such civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350[.]" 28 U.S.C. § 1914(a).

The Court's inherent authority to dismiss a plaintiff's action or particular claims within an action with prejudice because of his failure to prosecute is expressly recognized in Federal Rule

of Civil Procedure 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) ... operates as an adjudication on the merits." FED. R. CIV. P. 41(b); *Link v. Walbash R. Co.*, 370 U.S. 626, 629 (1962). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax supported courts and opposing parties." *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal quotation omitted). "Rule 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal." *Steward v. City of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (citing *Link*, 370 U.S. 626 at 630).

When contemplating dismissal of an action under Rule 41(b), a court must consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *See Stough v. Mayville Community Schs.*, 138 F.3d 612, 615 (6th Cir. 1998); *Steward*, 8 F. App'x at 296.

Here, Plaintiff was warned that failure to pay the filing fee would result in dismissal of her action. *See Stough*, 138 F.3d at 615 (noting that "[p]rior notice, or lack thereof, is ... a key consideration" in whether dismissal under Rule 41(b) is appropriate). Despite this warning, Plaintiff failed to pay the filing fee. The Court finds that Plaintiff's failure to comply with this clear order of the Court establishing a deadline constitutes bad faith or contumacious conduct. *See Steward*, 8 F. App'x at 296 (concluding that a plaintiff's failure to comply with a court's order to submit a properly supported motion to proceed *in forma pauperis* motion or pay the filing fee within twenty days "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal").

3

In this case, Plaintiff has not paid the required filing fee under 28 U.S.C. § 1914(a). When the Court denied Plaintiff's application to proceed IFP, the Court ordered Plaintiff to pay the full filing fee by May 5, 2022. This deadline has passed without Plaintiff paying the filing fee. Therefore, the Court hereby DISMISSES this action without prejudice pursuant to Rule 41(b) for failure to pay the filing fee.

**IT IS SO ORDERED.**

<u>s/Sean F. Cox</u>
Sean F. Cox
United States District Judge

Dated: May 16, 2022